VÁZQUEZ PRADA ET AL., PETITIONERS, *v.* CÓRDOVA DÁVILA, DISTRICT JUDGE, RESPONDENT (UBARRI, INTERVENOR).

APPLICATION for a Writ of *Certiorari* to the Judge of the District Court of San Juan, Section 1.

No. 145.—Decided July 8, 1915.

CERTIORARI—RECEIVER—DISCRETION.—A writ of *certiorari* to review the appointment of a receiver will not issue when there is nothing to show that the judge abused his discretional power.

The facts are stated in the opinion.

Mr. *Rafael López Landrón* for the petitioners.

Hon. Félix Córdova Dávila, respondent, did not appear.

Messrs. *J. R. F. Savage* and *Luis Méndez Vaz* for the intervenor.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is an application for a writ of *certiorari* to Félix Córdova Dávila, Judge of the District Court of San Juan, Section 1. The question to be decided is whether the appointment of a receiver made by the said judge in case No. 7232, prosecuted by Buenaventura Ubarri against Luisa López Laborde *et al.* for the annulment of certain records of title and for other purposes, was made in accordance with the facts and the law.

The writ having been issued, the original record was sent up to this court and a hearing was held on June 14, 1915.

From the original record it appears that Buenaventura Ubarri brought an action in the District Court of San Juan, Section 1, against Luisa López Laborde and her children, alleging that he was the owner of one-half and of an undivided third of the other half of the two-story house No. 24 San José Street of this city and praying for the rescission of various deeds and records of title which obstructed him in the free exercise of his rights. The plaintiff also prayed that the defendants be adjudged to return to him $2,000 which they had wrongfully received as rents.

It is alleged in the complaint that the house in question was acquired by the defendant, Luisa López Laborde, during her wedlock with Arturo Vázquez Prada; that upon the death of her husband leaving a life-insurance policy the whole amount of the same was used to build another story on the said house, therefore, according to law, the widow's interest in the said house consisted of one-half as community property and one-third by inheritance, the husband having died intestate on June 9, 1904, and that notwithstanding this, on account of certain acts which the widow performed contrary to law she appeared in the registry of property with less rights than she actually had. It was also alleged in the complaint, with all necessary detail, that the plaintiff had acquired all the rights of defendant Luisa López Laborde in the house in question in consequence of certain proceedings in the Federal Court and that the defendants had been receiving the rents of the property in full and were indebted to the plaintiff, therefore, in the sum of $2,000.

The complaint is dated January 27, 1914. The defendants having been summoned, they first appeared by Attorney Rafael López Landrón and took various steps in the action. Later the said attorney withdrew and on May 29, 1914, the defendants appeared and answered the complaint through Attorney José de Diego. On August 17 he also withdrew. Matters being thus, on January 29, 1915, the plaintiff moved the court to appoint a receiver to manage the said property. On February 16, the motion was argued before the court by the attorneys on both sides and on March 4, 1915, the court appointed Luis F. Sanjurjo, subject to his giving security, to take charge of and manage a joint-ownership of the two-thirds of the said property until the rights of the litigants in the same should be established by the court.

The motion for the appointment of a receiver was based on the ground of the alleged self-evident right of the plaintiff

to the interest claimed by him and the fact that the defendants were receiving the rents of the property and appropriating the same to their exclusive use to the injury of the rights of the plaintiff who would be unable to recover the same because the defendants have not sufficient property to respond therefor, citing section 182 of the Code of Civil Procedure, subdivision 1 of which expressly provides that a receiver may be appointed by the court in which an action is pending, among other cases, in an action between partners or others jointly owning or jointly interested in any property or fund, on the application of the plaintiff, or of any party whose right to or interest in the property or fund, or the proceeds thereof, is probable, and where it is shown that the property or fund is in danger of being lost, removed, or materially injured. The record discloses nothing with respect to the attitude assumed by the defendants regarding the plaintiff's allegation that the rents claimed by him were in danger of being lost to him if the defendants alone should continue to receive the same.

In view of all the foregoing, the only conclusion which can be reached is that it has not been shown in any way that the judge of the district court abused his discretional power in appointing the receiver to manage the common property under consideration, therefore we must hold finally that there is no ground for a review of the proceedings of the lower court. The original record will be remanded to the lower court for the proper action in accordance with law.

*Petition denied.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.